Wright, J.,
delivered the opinion of the Court.
The Chancellor dismissed what is termed the cross-bill upon demurrer. In this he committed no error, for which we deem it our duty to reverse. If that provision in section 2934 of the Code, which requires the demurrer to state the objection relied on, be applicable to Courts of Chancery — and which we do not now decide* — still, a bill totally wanting in equity *367 upon its face, or which shows that the complainant is entitled to no relief, may be dismissed upon the motion of the defendant, or by the Chancellor of his own accord. Such a hill requires no answer, and its dismissal can do no injury to the complainant.
It is palpable here, that complainants are entitled to no relief. As to the claim to the $200 legacy under the will of Pleasant Earles, and to the one-fifth of the share of his deceased child, in the tract of land in dispute, by descent, in right of their father, Martin Earles, the same, whatever may he the value of complainant’s demand thereto, are directly involved in the original suit, and may he very well investigated and settled there, and the cross-hill is wholly useless.
The chief object, however, of what is termed the cross-bill is, to recover, by the complainants, as the heirs of Martin Earles, one hundred of the two hundred acres of land, of which Pleasant Earles died seized. It appears that fifty acres of this land were purchased by Pleasant Earles, in his lifetime, of Robert Anderson, and the deed taken in his name, and that the other fifty acres were granted to him, in his lifetime, by the State of Tennessee; and that in the year 1835 he took possession, and retained it till his death, in the year 1844; and that his devisees — who are the defendants in the cross-bill — have held possession ever since. The complainants allege that though the title was thus taken in the name of Pleasant Earles, yet, that in truth, the purchase money to acquire it was paid by their ancestor, Martin Earles, and that a resulting trust exists in their favor to said lands; and they seek to divest the title to the same out of the devisees of Pleasant Earles.
Without considering the effect of the first and second sections of the act of 1819, ch. 28, upon the case, complainants must be held bound by the act of 1715, ch. 48, sec 9. The bill was not filed until the 29th of September., 1858; and upon well settled principles, the claim could not be enforced, unless suit Avere brought within seven years after the death of *368 Pleasant Earles. Smith v. Hickman’s Heirs, Cooke, 330; Lewis’ Ex’rs v. Hickman’s Heirs, et al., 2 Tenn., 317.
There are other grounds which, as it seems to us, are equally decisive of the case, but we need not consider them.
The decree of the Chancellor will be affirmed.

 See the case of Kirkman & Ellis v. Snodgrass, reported in this volume.